UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THEOPHILUS E. GREEN,**

    Plaintiff,

v.                                                    Case No: 8:14-cv-2248-T-27EAJ

**VOLUNTEERS OF AMERICA OF FLORIDA, INC.,** *et al.,*

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant Sheriff Steube's Motion to Dismiss Plaintiff's Complaint [DE 2], or in the Alternative, Motion for A More Definite Statement (Dkt. 6), Defendant United States of Americas' Motion to Dismiss and Memorandum of Law (Dkt. 9), and Defendants, Marie Randazzo, Andrew Overmeyer, Frederick Potter and Linda Briggle's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Punitive Damages and Memorandum of Law (Dkt. 11). Plaintiff, who is proceeding *pro se*, has not responded and the time in which to do so has passed. However, Plaintiff recently filed a Motion for Leave to File Amended Complaint (Dkt. 13) to which the United States has responded (Dkt. 15).

Upon consideration, the motions to dismiss are **GRANTED**. Plaintiff's Complaint does not comply with Federal Rules of Civil Procedure and fails to give fair notice of what his claims are, who he is suing, and the grounds on which he bases his claims. Plaintiff's motion to amend, as proposed, is **DENIED**. However, Plaintiff will be given the opportunity to file an amended complaint in accordance with this Order and the rules as stated herein.

1

*Pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)"). *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff is not required to set forth an intricately detailed description of the asserted basis for relief, it is required that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Rule 10(b) requires that the allegations "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). While a *pro se* litigant's pleadings must be construed liberally, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *McCone v. Pitney Bowes, Inc.*, 14-11119, 2014 WL 4377868, *1 (11th Cir. Sept. 5, 2014) (internal citations omitted).

Plaintiff's Complaint fails to comply with Rules 8 and 10. It consists of a series of rambling, virtually incoherent, and difficult to decipher allegations making it impossible to discern what claim or claims Plaintiff is asserting against which defendants. Accordingly, the Complaint will be dismissed with leave to amend. In filing an amended complaint, Plaintiff must comply with the Rules and clearly identify the basis for his claims and requested damages as to each defendant. In

addition, to the extent Plaintiff brings claims against the United States of America for money damages, he "must prove an explicit waiver of immunity." *Ishler v. Internal Revenue*, 237 Fed. App'x 394, 398 (11th Cir. 2007). And to the extent Plaintiff brings claims against the United States relying on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, he must have first exhausted available administrative remedies. *See* 28 U.S.C. § 2675(a). Moreover, Plaintiff may not bring claims on behalf of other individuals unless he can establish he has standing to do so. Because Plaintiff is proceeding *pro se*, he cannot prosecute any claims in federal court on behalf of other persons. *See Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) ("[O]nly licensed lawyers may represent others in court."); 28 U.S.C. § 1654 ("parties may plead and conduct their *own* cases personally") (emphasis added).

## NOTICE TO *PRO SE* PARTY

Because Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform him of some, but not all, of the procedural rules with which he must comply. Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or a motion, *see* Fed. R. Civ. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Plaintiff must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title that describes the

nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. *See* Fed. R. Civ. P. 7(b). If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). However, the motion and memorandum cannot exceed twenty-five (25) pages in length. *See id.*

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff is also cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by opposing counsel. Plaintiff must timely respond to the motions filed by other parties in this case, for if she does not timely respond to such a motion, the Court may assume that she does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document out of time.

Lastly, Plaintiff is reminded that, although he is now proceeding *pro se*, he is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which he must comply, including those imposed by the Rules and the Local Rules. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case. Plaintiff is referred to the Court's website at http://www.flmd.uscourts.gov. There is a section titled Proceeding Without a Lawyer with additional helpful information.

Accordingly,

1. Defendant Sheriff Steube's Motion to Dismiss Plaintiff's Complaint [DE 2], or in the Alternative, Motion for A More Definite Statement **(Dkt. 6)**, Defendant United States of Americas' Motion to Dismiss **(Dkt. 9)**, and Defendants, Marie Randazzo, Andrew Overmeyer, Frederick Potter and Linda Briggle's Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Punitive Damages **(Dkt. 11)** are **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED without prejudice**.

3. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 13), as proposed, is **DENIED**.[1]

3. No later than **November 19, 2014**, Plaintiff may file an amended complaint that complies with the Federal Rules of Civil Procedure, Local Rules, and this Order. Failure to file an amended complaint by this deadline will result in dismissal of this case without further notice.

---

[1] To the extent Plaintiff requests class certification, that request is denied as moot due to the dismissal of his Complaint. Although Plaintiff is granted leave to file an amended complaint, he is cautioned that not only must requests for class certification be made in compliance with Local Rule 4.04 and Federal Rule of Civil Procedure 23, but that a number of courts have held that *pro se* plaintiffs cannot adequately represent a class. *See Crawley v. Paskert-Johnson Co.*, No. 807-CV-1789-T-23TGW, 2008 WL 4793650, at *2 (M.D. Fla. Nov. 3, 2008) (collecting cases and authority). In addition, it is unclear what relief Plaintiff seeks with respect to his request for an assignment of "independent council" and that request, as stated, is denied.

4. Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** this 31st day of October, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
pro se Plaintiff